ANASTASIA GORALSKI *et al.*

*v.*

JOSEPH KOSTUSKI *et al.*

·Opinion filed April 17, 1899.

1. CO-TENANCY—*parties entitled to common use of private alley are co-tenants.* Owners of lots abutting upon a private alley established for their common benefit and appurtenant to each lot have unity of possession, and are tenants in common with respect thereto.

2. SAME—*right of co-tenant to buy outstanding tax-title.* While co-tenants maintain unity of possession of common property by actual common use, neither, as against the others, can, by purchasing a tax deed based·on a sale for taxes for part payment of which such purchaser was in default, acquire a title that is not subject to the right of the others to elect within a reasonable time to avail them-selves of the benefit of the purchase by *pro rata* contribution.

3. SAME—*duty of widow to pay taxes before assignment of homestead and dower.* A widow entitled to unassigned homestead and dower in property on which she resides with her children, the heirs-at-law, is a tenant in common with such children, and, in order to protect their common interests, is bound to contribute toward the taxes upon a private alley appurtenant to the property, which she uses and enjoys in common with the other lot owners.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Appellees' filed a bill in chancery against Barbara Malinowski, and obtained a decree enjoining her from placing any building, structure or obstruction upon a certain private alley set forth and described in the bill and decree, and canceling as null and void a deed exe-

cuted by one P. E. Baird and wife to the said Barbara, purporting to convey to her said private alley. Barbara prosecuted an appeal to this court to reverse the decree, and during the pendency thereof departed this life. Appellants, her heirs-at-law, were substituted as appellants.

It appeared certain lots in Elston's addition to Chicago were subdivided and re-platted, as follows:

**BLACK HAWK        STREET**

It also appeared that one Stephen Malinowski, husband of said Barbara and father of appellants, purchased lot 5, and that the appellees, respectively, became the owners of lots 1, 2, 3 and 4; that the private alley was laid out and established for the use of said lots 1 to 5 inclusive, and for the mutual enjoyment and convenience of the owners thereof, but was taxed separately from any of said lots; that said Stephen Malinowski paid all taxes on the alley during his lifetime, and departed this life

September 2, 1889, intestate, leaving said Barbara, his widow, and appellants, his children and only heirs-at-law; that he was seized of the title to lot 5 and occupied it as a home for himself and family during his lifetime, and that said Barbara and said appellants continued to so occupy and possess it until the death of said Barbara; that there was situate on the front of said lot 5 a three-story brick flat-building and a frame building in the rear; that said Barbara, the widow, with four of the appellants, (her children,) occupied the frame building, and said Barbara rented the flats in the brick building, received the rents therefrom and devoted the same to the support of herself and those of the appellants who lived in her family and for the payment of the taxes on lot 5; that she used the alley in connection with the buildings on said lot 5, and at one time filed a bill in chancery against the appellees to restrain them from closing up or in any manner obstructing said alley; that in 1892, in default of payment of taxes, the alley was sold at the tax sale to one Baird, and, not being redeemed, a tax deed was issued to said Baird, who afterwards, in consideration of the sum of $15, conveyed such rights as he had by virtue of the tax deed to said Barbara; that appellees were never requested by any one to pay taxes on the alley, and that they had tendered to said Barbara, and such tender being refused deposited with the clerk, the sum of $50 to recompense her for all outlays in connection with the taxes upon the alley and the purchase of said tax title from said Baird. The court decreed the deed to Barbara should be canceled and that she should be paid the said sum of $50 by the clerk.

ENOCH J. PRICE, for appellants:

A widow occupying her late husband's residence before assignment of her dower is under no obligation to pay the taxes, but may buy the same at tax sale and acquire a valid tax title upon it. 2 Scribner on Dower, 810;

*Branson* v. *Yancey,* 1 Dev. Eq. 77; Black on Tax Titles, sec. 281; Blackwell on Tax Titles, (5th ed.) 577.

One who is not the owner at the time of assessment, and hence not under obligation to pay the taxes on real estate, may acquire title under a tax sale, if he did not assume payment of the tax. *Oswald* v. *Wolf,* 129 Ill. 200; 1 Blackwell on Tax Titles, (5th ed.) sec. 566, *et seq.*

Where a co-tenant buys land from the tax purchaser after the time of redemption has expired and the sale has ripened into a deed, he can hold it against his co-tenants, and equity will not require him to hold it for the benefit of all. Black on Tax Titles, secs. 284, 295; Blackwell on Tax Titles, (5th ed.) 575, 577; *Lewis* v. *Robinson,* 10 Watts, 354; *Kirkpatrick* v. *Mathist,* 4 W. & S. 251; *Reinboth* v. *Zerbe Run Co.* 29 Pa. St. 139; *Steele* v. *Cunningham,* 2 Heisk. 288; *Coleman* v. *Coleman,* 3 Dana, 398; *Clark* v. *Cantwell,* 3 Spead, 202; *Alexander* v. *Sully,* 50 Iowa, 192; *Frentz* v. *Klotsch,* 28 Wis. 312.

Barbara Malinowski having no title to lot 5, although in possession, perhaps, in part, was under no disability to acquire a tax title upon the private alley. Black on Tax Titles, sec. 289; *Seaver* v. *Cobb,* 98 Ill. 200; *Blakeley* v. *Bestor,* 13 id. 708.

KING & GROSS, and JOHN STELK, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Lot 5 was the homestead of Stephen Malinowski, deceased. Section 2 of the Homestead Exemption act operated to continue a right of homestead therein for the benefit of his widow, Barbara, and their minor children. Barbara was also entitled to dower in the premises. Neither homestead nor dower had been assigned. The widow and children remained in possession of the premises, and having unity of possession their relation to each other was that of tenants in common, the mother, by reason of the parental relation, having the superior right of con-

trol. *Montague* v. *Selb*, 106 Ill. 49; Freeman on Co-tenancy, (2d ed.) sec. 108.

The alley was established for the common use and benefit of the owners and occupants of lots 1, 2, 3, 4 and 5. It was highly convenient and beneficial to the full and complete enjoyment of said lots by the owners and persons in possession. It was an appurtenant to each of said lots, and the right of possession thereof was common to all occupants and owners of each of said lots. Such occupants and owners, including said Barbara, had unity of possession of the alley and were tenants in common therein. Tenancy in common requires but one unity, —that of possession. (Freeman on Co-tenancy,—2d ed.— sec. 86.) The possession of said lot 5, held by said Barbara for herself and her said minor children, carried with it, as incident thereto, the right to use the alley in common with the owners and occupants of the other lots. She realized the value of the alley as an appurtenance to said lot 5 and insisted on all her rights therein. She invoked the aid of a court of chancery to prevent others from closing it up or obstructing it. Her co-tenants in lot 5 had common interest with her in the alley. It was private property and was subject to taxation. It was essential the taxes should be paid in order to preserve it for her use and the use of her children who had their home with her on said lot 5 and whose rights and interests were in her charge. She received the entire income from the flats on lot 5 and enjoyed the use of the other building thereon as a home. Her duty to her children and her own interest required she should have contributed to the payment of the taxes upon the alley. She recognized her duty and obligation to pay taxes on said lot 5. It was equally important to the rights and interests of her children, her co-tenants, taxes should also be paid on the alley, and, as we think, equally her duty to contribute to the payment of the taxes on the alley as to pay the taxes on the lot. She was, as we have seen, also

tenant in common in the alley with the appellees, the owners of lots 1 to 4 inclusive, and enjoyed, in common with them, the possession and benefit of the alley.

Mr. Freeman, in his work on Co-tenancy and Partition, says it is the general rule a co-tenant will not be permitted to assert against his co-tenants a title acquired by purchase at a tax sale for taxes imposed on the common property during the joint ownership, and that where the co-tenant purchasing at a tax sale is in fault for not making payment on his own moiety, there is no doubt that his purchase cannot be enforced against his companions except as a basis for compelling them to reimburse him for their *pro rata* of the sum paid to relieve the common property from a common burden. (Freeman on Co-tenancy and Partition, sec. 158.) In Blackwell on Tax Titles (sec. 571) it is said: "It is a general principle that no person can be allowed to purchase [at a tax sale] who is in a situation of trust or confidence with respect to the subject of the purchase, or where he has a duty to perform inconsistent with the character of purchaser. But where a joint tenant or tenant in common buys an outstanding title which is adverse to the common title, the purchase is not void but subject to the election of the co-owners, who must, within a reasonable time, elect to avail themselves of the purchase and offer to contribute their share of the purchase money."

No objection is urged to the tax deed in this case other than the relation of Mrs. Malinowski to the property purported to be conveyed by it forbade her from buying it except for the benefit of all interested with her in the alley. The position of counsel for appellants is, that it is to be considered the deed is otherwise effective and valid, and that it operated to vest the title to the alley in Baird, the purchaser at the tax sale, and that Baird, by force and effect of the tax deed, became seized of the absolute title in fee to the alley, and that the relation of tenants in common which formerly existed was thereby destroyed,

and those who had formerly sustained that relation were absolved from all further duty pertaining to it. Black on Tax Titles, sec. 284, and cases cited by that author, seem to support this view. Mr. Freeman, in his work on Co-tenancy, (sec. 159,) says the cases relied upon to support the position "do not represent the true state of the law, because they are directly in conflict with the well-settled rule that a person under any legal or moral obligation to pay the taxes cannot, by neglecting to pay the same and allowing the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing at the sale himself or by subsequently buying from a stranger who purchased at the sale, otherwise he would be allowed to gain an advantage from his own fraud or negligence in failing to pay the taxes. * * * If a long period elapses after the creation of a tax title, and the purchaser is regarded and treated by the late co-tenants as the true owner, and the latter, on their part, have abandoned all pretensions to the property, then it may be that either of them is at liberty to disregard his former relations and to purchase the whole property for himself." Each of these authors cites adjudged cases in support of the position assumed.

Without adverting further to this conflict of authority, it is sufficient for all the purposes of this case we should hold, as we do, that while co-tenants remain in the actual possession of the common property and maintain the unity of possession by actual common use, neither, as against his fellow-tenants, by purchasing a tax title based upon a sale of the common premises for the unpaid taxes in the payment whereof said purchaser was in part in default, can obtain a title that is not subject to the election of the co-tenants, within a reasonable time, to avail themselves of the benefit of the purchase by contributing their proper proportion to reimburse the purchasing tenant for relieving the common property from a common burden. In the case at bar the relation of ten-

ants in common actually existed when said Barbara received a conveyance from the holder of the title, and the rule that the purchase inured to the common benefit of all co-tenants was properly applied by the chancellor.

The decree is affirmed.

*Decree affirmed.*