ETHEL KELLY, MRS. G. C. HUNT AND HUSBAND, G. C. HUNT; MRS. LUOLA MUSE AND HUSBAND, J. B. MUSE; ANNIE McDUFFIE AND HUSBAND, DR. W. N. McDUFFIE, v. CARL DAVIS, EXECUTOR OF THE LAST WILL AND TESTAMENT OF S. G. GARNER, DECEASED.

(Filed 16 December, 1936.)

1. **Estoppel § 2—Grantor in warranty deed later acquiring title from purchaser at foreclosure held estopped to assert title as against grantee.**

   Partners executed a mortgage on a tract of land in which each partner owned an undivided half interest, and the proceeds of the loan were used for the benefit of both. Thereafter, the partnership was dissolved, and in the division of the property one partner deeded his interest in the tract of land in question to the other partner by full warranty deed, and each thereafter recognized the debt secured by the mortgage by making payments to the mortgagee. After the death of the partners, the mortgage was foreclosed, and the executor of the grantor partner, upon paying the balance due on the debt, had the bid assigned and deed made to him in his representative capacity. *Held:* The heirs at law of the grantee partner, upon paying into court one-half the balance of the debt paid by the executor upon the assignment of the bid, are the owners of the land and are entitled to have the mortgage and deed to the executor canceled of record, the executor being estopped by his testator's deed from asserting the after acquired title as against the heirs at law of the grantee partner.

2. **Partition § 11—Deed from one tenant to the other may operate to estop grantor tenant from asserting after acquired title against grantee tenant.**

   The rule that partition among tenants in common merely allots the land in severalty without creating any title, does not apply to prevent a

1—211

deed from one tenant to the other from operating to estop the grantor tenant from setting up title to the property later acquired by transfer of a bid at the foreclosure sale of a mortgage executed on the property by both tenants, the proceeds of the loan secured by the mortgage having been used by both tenants, and the deed from the grantor tenant expressly warranting that the grantor would warrant and defend the title against the lawful claims of all persons.

APPEAL by defendant from *Moore, Special Judge,* at March Term, 1936, of MOORE.   Affirmed.

The plaintiffs and defendant agreed to certain facts, and it was further agreed that the court below might render judgment thereon, with the right of the parties to except and assign error and appeal from the findings of the court.

The judgment of the court below is as follows: "This cause coming on to be heard and being heard before the undersigned judge, and a jury, after the jury had been duly selected, lawfully sworn, and regularly impaneled, the parties in open court waived a trial by the jury and agreed to and signed the statement of facts set out in the record and requested the court to render and enter such judgment thereon as the court might deem proper, each side reserving in open court the right to except and appeal to such judgment as the court might render and enter, whereupon, the court, upon such statement of facts, concludes and holds as a matter of law as follows:

"1. That the testator of the defendant Carl S. Davis, executor, having executed and delivered to Hugh M. Shields, deceased, predecessor in title of the plaintiffs, a warranty deed, dated 18 March, 1932, registered in the office of the register of deeds for Moore County, in Deed Book 111, at page 367, therein conveying the lands described in paragraph 4 of the complaint, the defendant is now estopped to deny plaintiffs' title to said land in said deed described, and any title the defendant, as executor of S. G. Garner, deceased, may have acquired by and through the Bank of Pinehurst, mortgagee, by foreclosure sale by it under said mortgage deed executed by S. G. Garner and Hugh M. Shields and wife, Kate M. Shields, bearing date of 15 July, 1926, and registered in Book of Mortgages 43, at page 480; and the deed from said Bank of Pinehurst, mortgagee, dated 24 June, 1935, and registered in Deeds Book 121, at page 346, office register of deeds of Moore County, fed the estoppel and inured to the benefit of the plaintiffs in this action.

"2. The court further holds as a matter of law that the said Hugh M. Shields and S. G. Garner in their lifetime having executed a mortgage deed to the Bank of Pinehurst for the purpose of securing money for their joint use and the use and benefit of the said Shields & Garner, and having agreed between themselves upon the dissolution of said partner-

ship in the spring of 1932 that they still owed said debt and that as to said indebtedness said partnership was not dissolved, and the parties agreed to remain jointly bound therefor, and having subsequently made payments on said indebtedness after said dissolution, and whatever Hugh M. Shields or S. G. Garner in their lifetime may have done in regard to said indebtedness inured to their benefit, and that since the death of said Hugh M. Shields payments were made on said indebtedness by his administrator *c. t. a.* and C. S. Davis as agent of S. G. Garner, deceased, and whatever payment or payments made by said administrator of said Hugh M. Shields, deceased, *c. t. a.,* or C. S. Davis as executor of the last will and testament of S. G. Garner, deceased, was made for the use and benefit of both and not for individual members of the partnership or their representatives, and when the said Carl S. Davis, executor of the last will and testament of S. G. Garner, deceased, caused title to the lands described in the complaint to be transferred to and assigned to him by the assignment of Dwight Scotten and deed procured to be made to him by reason of such assignment he took and now holds the title thereto in trust for the benefit of Hugh M. Shields, deceased, and his heirs at law him surviving, and in protection of the covenants of warranties made by S. G. Garner and Hugh M. Shields, his heirs and assigns.

"Wherefore, upon the foregoing conclusions of law drawn from the said agreed statement of facts, it is considered, ordered, and adjudged and decreed by the court that the plaintiffs are the owners in fee and entitled to the immediate possession of the lands described in paragraph 4 of the complaint, and the defendant is not the owner thereof and has no right, title, or interest therein, except a lien thereon for the sum of $116.03, being one-half of the amount of $221.00 and interest on said sum from 30 May, 1935, to date, by reason of the defendant's payment of said sum to the Bank of Pinehurst in payment of the mortgage deed made by Shields and Garner, the plaintiffs having paid said sum into court for the use and benefit of the defendant in full settlement, satisfaction, and accord of said lien and deed from the Bank of Pinehurst to Carl S. Davis, executor of S. G. Garner, deceased, recorded in Deed Book 121, at page 346, register of deeds' office for Moore County, is hereby declared null and void and ordered canceled, and the mortgage deed from S. G. Garner and Hugh M. Shields and wife, Kate M. Shields, to the Bank of Pinehurst, recorded in Book of Mortgages, at page 480, office of register of deeds for Moore County, and the lien declared for $116.03 are canceled and removed of record as a cloud on plaintiff's title, and the register of deeds is hereby authorized and directed to mark upon the margin of the deed from the Bank of Pinehurst, mortgagee, to Carl S. Davis, deceased, as it appeared on the record in the book afore-

said, 'This deed canceled by judgment of the Superior Court of Moore County, March Term, 1936, in an action therein pending, entitled "Ethel Kelly *et al. v.* Carl S. Davis, executor of the last will and testament of S. G. Garner, deceased," ' and will also mark the index and cross index of said deed on the index and cross index of real estate conveyances in his office 'Canceled,' and to mark upon the margin of said mortgage deed from Garner and Shields to the Bank of Pinehurst as it appears of record in Mortgage Deed Book 43, at page 480, 'This mortgage deed, being fully paid and satisfied, is canceled of record,' and to mark the index and cross index of said mortgage deed on the index and cross index of such conveyances in his office 'Canceled.' The clerk of this court will mark the index and cross index of this judgment as it relates to the amount due the defendant by the plaintiffs, 'Canceled.' The clerk of this court will tax the costs of the action against the defendant and the plaintiffs will have and recover their costs against the defendant.

"And this cause is retired from the docket.

CLAYTON MOORE,
*Special Judge, Presiding."*

The only exception and assignment of error made by defendant in the court below is to the "signing and entering the judgment as appears in the record."

*Gavin & Jackson for plaintiffs.*
*Mosley G. Boyette for defendant.*

CLARKSON, J. This is an action brought by plaintiffs against defendant to remove a cloud from the title to certain land and to declare a certain deed from the Bank of Pinehurst, mortgagee, to the defendant Carl Davis, executor of S. G. Garner, deceased, void.

The court below decided that defendant was estopped from claiming title to the land in controversy. In this we can see no error.

In the agreed statement of facts are the following:

(1) On 5 July, 1926, Hugh M. Shields and S. G. Garner made a mortgage to the Bank of Pinehurst, to secure the sum of $3,000, on the land in controversy for borrowed money, each of them being equally responsible for the payment of same.

(2) For a long time prior to 22 April, 1932, Shields and Garner were copartners, owning a mercantile business and certain real estate, including that in controversy, each owning one-half undivided interest in the partnership property.

(3) That during the spring of 1932 the partnership was dissolved by mutual consent and in the division Garner conveyed to Shields the land

in controversy with full covenants of warranty. By the terms of the dissolution agreement, Shields and Garner were to pay off and discharge the indebtedness to the Bank of Pinehurst—the mortgage indebtedness being for the benefit of both.

(4) Hugh M. Shields died on 20 February, 1934, and left the land in controversy to his wife, Kate M. Shields, Ethel Kelly, and Annie McDuffie. W. N. McDuffie duly qualified as administrator *c. t. a.* on 1 March, 1934. Kate M. Shields died on 22 June, 1935, intestate, leaving as her heirs at law and next of kin the plaintiffs Ethel Kelly, Mrs. G. C. Hunt, and Mrs. Luola Muse. S. G. Garner died on 12 December, 1934, leaving a last will and testament wherein Carl Davis was named executor, and he duly qualified on 19 December, 1934.

(5) Both Shields and Garner before they died made certain payments to the Bank of Pinehurst on its indebtedness secured by mortgage on which both were liable. After the death of Hugh M. Shields and before the death of S. G. Garner, W. N. McDuffie, administrator *c. t. a.* of Hugh M. Shields, and the defendant C. S. Davis, as agent of S. G. Garner, made one or more payments on said mortgage to the Bank of Pinehurst on or prior to 24 July, 1934, and no other payment was made on said mortgage after that date. The plaintiffs and W. N. McDuffie, administrator *c. t. a.* of Hugh M. Shields, and the defendant C. S. Davis, executor of the last will and testament of S. G. Garner, were not notified of this sale and had no notice of the foreclosure of the mortgage of the Bank of Pinehurst until about 3 weeks after said mortgage had been foreclosed by sale of said lands on 30 May, 1935.

(6) The land was foreclosed by the Bank of Pinehurst. The Bank of Pinehurst, by W. D. Sabiston, Jr., reported said foreclosure sale as having been made by it 30 May, 1935, under the said mortgage above referred to, and that at said sale Dwight Scotten became the last and highest bidder in the sum of $221.00. After said sale the defendant C. S. Davis, executor, negotiated with the Bank of Pinehurst and Dwight Scotten and caused to be transferred the bid of Dwight Scotten to the defendant as executor as aforesaid on 21 June, 1935, and pursuant to said assignment the Bank of Pinehurst executed and delivered to the said C. S. Davis, executor, deed dated 24 June, 1935, therein conveying to said Davis, executor, the aforesaid lands described in said mortgage deed.

(7) At the time of said sale on 30 May, 1935, the said Shields and Garner were indebted to the said Bank of Pinehurst in the sum of $200.00 and interest and cost of such sale amounting to $221.00. The plaintiffs have tendered to C. S. Davis, executor, one-half of the principal, interest, and cost, and offer to pay into court the said sum in cash.

The deed from S. G. Garner (single) to Hugh M. Shields, dated

18 March, 1932, covering the land in controversy, has this in it: "And the said party of the first part covenants that he is seized of said premises in fee, and has the right to convey the same in fee simple, that the same is free and clear from all encumbrances, and that he will warrant and defend the said title to the same against the lawful claims of all persons whomsoever."

S. G. Garner owed one-half the debt as between him and Hugh M. Shields. On the record there is no dispute as to this either by Shields or Garner before they died, or by their respective administrator c. t. a. or executor, the defendant.

The land in controversy was worth not less than $2,000. S. G. Garner owed the debt as well as Hugh M. Shields. When he died his estate was liable for the payment. This was recognized by the defendant executor, Garner, who was joint and severally liable on the note secured by mortgage to the Bank of Pinehurst. Then, again, Garner made a covenant with Shields that he would "warrant and defend the said title to the same against the lawful claims of all persons whomsoever." We think under the facts and circumstances there was such a trust relationship existing that the defendant is estopped to claim title to the land in controversy.

In *Speight v. Trust Co.,* 209 N. C., 563, a wife was surety on the note of her husband and executed a mortgage on her land as security for his debt, and the husband subsequently bought the land at a sale under the mortgage, paid off the debt with his own money, and took title to the land to himself. This Court held that a court of equity will impress on the legal title thus acquired a trust in favor of the wife, quoting at pp. 565-566, from Pomeroy on Equity Jurisprudence, sec. 1044, as follows: "Constructive trusts include all those instances in which a trust is raised by the doctrines of equity for the purpose of working out justice in the most efficient manner, where there is no intention of the parties to create such a relation, and in most cases contrary to the intention of the one holding the legal title, and where there is no express or implied, written or verbal, declaration of the trust. They arise when the legal title to property is obtained by a person in violation, express or implied, of some duty owed to the one who is equitably entitled, and when the property thus obtained is held in hostility to his beneficial rights of ownership." *Bechtel v. Bohannon,* 198 N. C., 730 (732-3).

We have here a debt which Garner's estate owed and he and his executor were in duty bound to pay. The total due of $221.00 and interest from 30 May, 1935, without notice to the executor of Shields, or the heirs at law, and contrary to the express warranty in the deed, defendant as executor purchased the land, worth not less than $2,000, and now

claims same. In good conscience, equity, and justice this cannot be done. He holds the legal title as trustee for the plaintiffs and is estopped to claim an adverse title against plaintiffs. The judgment provides for the payment of one-half by each, which is fair dealing and honesty—not the *best* policy but the *only* policy in dealings between man and man.

The defendant cites *Jones v. Myatt,* 153 N. C., 225 (230), where it is said: "It is settled by several decisions of this Court that actual partition merely designates the share of the tenant in common and allots it to him in severalty. *Harrison v. Ray,* 108 N. C., 215; *Harrington v. Rawls,* 136 N. C., 65; *Carson v. Carson,* 122 N. C., 645. It does not create or manufacture a title." *Power Co. v. Taylor,* 191 N. C., 329; *Burroughs v. Womble,* 205 N. C., 432 (434); *Insurance Co. v. Dial,* 209 N. C., 339 (348). These cases are not applicable to the present case. When Garner made the deed to Shields the Bank of Pinehurst had a lien on the property and Garner, with knowledge that he and Shields were both liable on same, expressly covenanted that he would warrant and defend the title to the same against the lawful claims of all persons whomsoever. In the face of this warranty it would be inequitable and unconscionable for his executor to buy in the land when the Bank of Pinehurst sold same. There was a trust relationship, and he is estopped to do this. In *Bailey v. Howell,* 209 N. C., 712 (715), it is said: "The acquisition of an outstanding adverse title by one of the tenants in common, who is in possession, inures to the benefit of all. And this rule applies to tax sales. Tiffany Real Prop., sec. 201. *Goralski v. Postuski,* 179 Ill., 177, 20 Am. St. Rep., 98."

In the present case, we think, under all the facts and circumstances, there was such a trust relationship that forbids a hostile attitude. The instant case is different from *Everhart v. Adderton,* 175 N. C., 403.

For the reasons given, the judgment in the court below is

Affirmed.