ADDIE W. McAFEE *v.* ALLEN BETTIS.

The acceptance of a homestead laid off in the  lifetime  of  her husband, by a widow, is no bar to her right of  dower in  the other lands of her husband, outside of such homestead.

PEARSON, C J :  We are inclined to the opinion that a wife has no power to bind herself by a covenant of warranty in a deed which she executes only for the purpose of relinquishing her claim to the  homestead, and her contingent right of dower in the land covered by the  homestead.

(*Watts* v *Leggett*, 66 N. C. Rep. 197, cited and distinguished from this )

PETITION FOR DOWER, heard by *Logan, J.,* at Chambers, in CLEAVELAND county, upon an  appeal  from the Probate Court of said county, 1st day of June, 1874.

From the case agreed, the following facts, pertinent to the points raised for decision in this Court, appear :

The petitioner was married to L. M. McAfee, of Cleaveland county, in February, 1869, and continued under coverture until his death in September, 1873. During the coverture, the husband was seized in fee of 940 acres of land, save and except so much thereof as had theretofore been allotted as dower to his mother.

The defendant is in possession of said land, claiming title thereto under a sheriff 's deed, of date, 8th April, 1872, and conveying the 940 acres above mentioned, and also under a deed from the said L. M. McAfee and wife, Addie W., the petitioner, dated 11th April, 1872, for 142 acres, being the homestead of the said husband and wife, theretofore allotted to them according to law. As a counter-claim to the petitioner's right to dower, the defendant claim $         damages, for a breach of warranty in this latter deed, and prays that judgment may be rendered for the same and declared a lien on plaintiff's right.

The plaintiff demurred to the answer of the defendant, insisting : 1. That the sheriff's deed passed the land to Bettis, subject to her right of dower ; and 2. That in the homestead conveyed to him by her and her husband, she claimed no dower.

The Judge of Probate overruled the demurrer, and adjudged against the plaintiff, dismissing her petition with costs, whereupon she appealed to the Judge of the 9th Judicial District. His Honor overruled the decision of the Judge of Probate, and ordered the writ of dower to issue to plaintiff as prayed. From this judgment defendant appealed.

*Smith & Strong,,* for appellant.
*Fowle* and *Hoke,* for petitioner.

PEARSON, C. J. The plaintiff claims dower in a tract of land containing about 940 acres, exclusive of the part assigned

to the mother of her husband for dower, and exclusive of 142 acres which had been assigned to her husband as a homestead. In 1872, the plaintiff joined with her husband in a deed to the defendant for this 142 acres, their homestead. In 1874, the sheriff, after a sale under execution, made a deed to the defendant for the 940 acres.

The question presented by the case is this : Is the plaintiff, who joined with her husband in a conveyance of the homestead, entitled to dower in the land outside of the homestead and outside of the dower of her husband's mother?

Suppose a man dies, leaving a widow and owning no land except his homestead. The widow has two concurrent rights, her right to the homestead under the act 1868-'69, and her right to dower—the one being a third is merged in the other, which includes the whole, on the principle "the greater includes the less." Suppose after having his homestead laid off, he had purchased another tract of land—the widow clearly would be entitled to the homestead and also to dower in the after purchased land. Why not? Her husband was seized of it during coverture, and there is no statute providing that if a widow takes the homestead she shall not also take dower in the lands which her husband may afterwards acquire by purchase or descent.

Suppose at the time of having his homestead laid off the husband owns other land—why should not the widow, at his death, take the homestead, and also be entitled to dower in the land outside of the homestead? There is no statute providing that the acceptance of the homestead by the widow shall be a bar to her right of dower in the other lands of her husband. In our case, we treat the conveyance of the homestead by the husband and wife as having the same legal effect as if she had taken possession of the homestead and then claimed dower in the land not included by it.

*Watts* v. *Leggett*, 66 N. C. Rep. 197, was relied on to prove that the plaintiff having, in legal effect, accepted and enjoyed the homestead by joining her husband in selling it, cannot also

have dower. That case was the converse of the case under consideration, and is plainly distinguishable. *In that*, the homestead was not laid off in the life time of the husband, and the widow in the first instance had dower assigned in the whole, including "the dwelling house," &c., and then claimed to have the homestead laid off outside of the part assigned for dower. It is held she is not entitled to have dower assigned in the whole and then to have a homestead so laid off as not to interfere with the dower; for the reason that this would put her in a better situation than she would have been in had the homestead been laid off in the life time of her husband.

*In this*, the homestead was laid off in the life time of the husband and the widow submits to the loss of dower in the 142 acres covered by the homestead, and claims dower only in the tract outside of the homestead. So she does not ask " to be put in a better situation than she would have been in, had the homestead been laid off in the life time of her husband," but is content to forego her claim of dower in the part of the land including the dwelling house, &c., laid off for the homestead.

The counter-claim of the defendant has nothing to rest on. We are inclined to the opinion that a wife has no power to bind herself by a covenant of warranty in a deed which she executes only for the purpose of relinquishing her claim to the homestead and her contingent right of dower in the land covered by the homestead. Perhaps the more prudent course is for her, instead of executing the deed containing the covenant of warranty, to execute a separate deed at the same time, and as a part of the transaction, relinquishing her right to the homestead and to dower in the land covered by it. However this may be, in our case there has been no breach of the warranty.

No error. Judgment affirmed. This will be certified.

Per Curiam.                              Judgment affirmed.