B. M. HARRISON et al. v. DAVID RAY and JUDA A. RAY.

*Husband and Wife—Survivorship—Tenants in Common—Partition—Descent—Estoppel.*

1. Under a deed or devise of land to husband and wife, the vendees or devisees take an estate in entirety, and upon the death of one of them the other takes the whole estate by right of survivorship.

2. Upon an actual partition of lands among tenants in common, the tenants take their respective shares or allotments by descent and not by purchase.

3. Where a partition was made by consent, and the tenants mutually conveyed, by deed, to each other the several allotments: *Held,* (1) the deeds conveyed no real estate, but simply ascertained by metes and bounds the interest of each and destroyed the unity of possession; and (2) the deeds did not operate as an estoppel, except so far as they established the extent of the interest of each tenant in his ancestor's lands.

CIVIL ACTION, tried before *MacRae, J.,* at February Term, 1890, of WAKE Superior Court.

Oakley Harrison and his brothers and sisters divided the lands, which had been conveyed to them by their father, by deeds of partition among themselves without legal proceedings. The deed for Oakley Harrison's share was made to him and Juda his wife, who, since his death, has intermarried with the defendant Ray. The plaintiffs, who are Oakley Harrison's children by his first wife, allege that the name of said Juda was inserted in the deed by mistake and inadvertence of the draftsman. The defendants allege that the deed was drawn to Oakley Harrison and said Juda by the direction of Oakley Harrison, who accepted the deed and caused it to be registered. The Court submitted, as the first issue, whether the name of Juda, the wife of Oakley Harrison, was inserted in the deed by mistake. This issue was found against the plaintiffs, who then moved for judgment

*non obstante veredicto* and excepted to the refusal of the motion. They also excepted because the Court instructed the jury that if they found for the defendants upon the first issue, they should not find as to the second issue that the plaintiffs were the owners and entitled to the possession of the land. Plaintiffs appealed from judgment rendered

*Mr. J. H. Fleming*, for plaintiffs.
*Messrs. Fuller & Snow* (by brief), for defendants.

CLARK, J.: When realty is devised or conveyed to husband and wife, they take by entirety, and upon the death of one the whole belongs to the other by right of survivorship. 2 Bl., 182; *Long* v. *Barnes*, 87 N. C., 329; *Simonton* v. *Cornelius*, 98 N. C., 433. The act abolishing survivorship in joint tenancies, Act 1784, ch. 204 (*The Code.* § 1326), does not apply to such cases. *Motley* v. *Whitemore*, 19 N. C. (2 D. & B.), 537; *Todd* v. *Zachary*, Busbee's Eq., 286; *Woodford* v. *Higly*, 60 N. C. (1 Winston), 237. Indeed, it is held that a conveyance to husband and wife has a fifth unity added to the four common law unities recognized in joint tenancy, *i. e.*, unity of person. *Topping* v. *Saddler*, 5 Jones, 357; Freeman on Co-Tenancy and Part., § 64.

But in the present case, the deed to Oakley Harrison and wife operated merely as a partition of the lands and conveyed no estate to them. The land in controversy was the share of Oakley Harrison in the lands inherited by him and his brothers and sisters. This tract was ascertained to be his share by the consent partition, which was had in lieu of legal proceedings to appoint commissioners to mark it off and assign it. It is not claimed that Juda, the wife, had any interest in the land so that anything should have been assigned her, but it is contended that, by Oakley Harrison's direction, the deed was drawn to him and his wife jointly. Suppose this to be so. The grantors were not conveying any

additional estate or interest to Oakley Harrison. He had bought nothing and they were not making him a present of anything. The deed only assigned to him in severalty and by metes and bounds what was already his. The grantors conveyed no part of their shares. They had no interest in the share embraced in the deed to Oakley Harrison, and could convey no interest therein to him or anyone else. It was his by the conveyance from his father. He received no title nor estate by virtue of the deed from his brothers and sisters, nor could his wife. His direction to the other heirs (if given) to convey to himself and wife could not have the effect to make the deed a conveyance of anything to his wife when it was not such as to himself. The title being already in him the deed merely designated his share by metes and bounds and allotted it to be held in severalty. No title passed by the deed, nor by any of the deeds. "Partition makes no degree. It only adjusts the different rights of the parties to the possession. Each does not take the allotment by purchase, but is as much seized of it by descent from the common ancestor as of the undivided share before partition." Allnatt on Partition, 124. The deed of partition destroys the unity of possession, and henceforward each holds his share in severalty, but such deed confers no new title or additional estate in the land. 2 Bl., 186. Hence it is that in partition, whatever the form of the deed, there is an implied warranty of title by each tenant to all the other. *Huntley* v. *Cline*, 93 N. C., 458.

Had the deed from the brothers and sisters conveyed any new and distinct estate in the land allotted to Oakley Harrison, he certainly already had an interest therein. This was not conveyed to his wife, and such share would have been held by him and wife neither by a unity of interest, unity of title nor unity of time, which three unities are as essential to a joint tenancy as the fourth unity (of possession), which alone they would have had.

There is no estoppel on the plaintiffs by virtue of Oakley Harrison having received and caused the deed to be registered, for, as we have seen, his title was not derived by the deed of partition, but by the deed from his father  The deed of partition is only an estoppel as between the plaintiffs and the brothers and sisters of Oakley Harrison, as establishing the extent of his share of his father's lands thus set apart and allotted in severalty.

In this view of the matter we are supported by the very recent case of *Yancey* v. *Radford;* 86 Va , 638 (March, 1890), which is well considered and exactly in point. To same effect is *Dooley* v. *Baynes*, in same volume, p. 144.

The issue submitted was immaterial. Upon the admission in the answer judgment should have been entered in favor of the plaintiffs *non obstante veredicto.* *Moye* v. *Petway,* 76 N. C , 327; *Ward* v. *Phillips*, 89 N. C., 215; *Walker* v. *Scott,* 106 N. C., 56.

Reversed.