BIRDIE S. CURRY, INDIVIDUALLY AND AS ADMINISTRATRIX OF J. FRANK
    CURRY, DECEASED, v. MARY JOE CURRY ET AL. AND W. Z. GREER,
    GUARDIAN AD LITEM OF INFANT DEFENDANTS.

(Filed 1 March, 1922.)

**1. Estates—Heirs—Rule in Shelley's Case.**

A devise of an estate to each of the testator's children "as long as they
    may live and after their death to their heirs," passes to each a fee-simple
    interest under the rule in *Shelley's case. Wallace v. Wallace*, 181 N. C.,
    158, cited and applied; *Mills v. Thorne*, 95 N. C., 332, distinguished.

**2. Dower — Executors and Administrators — Lands — Sales — Assets —
    Creditors.**

Upon the petition of the widow, as executrix and individually, to have
    the lands of her deceased husband sold to pay his debts, and for the
    allotment of her dower therein, the widow is entitled to her dower in the
    lands, and, subject thereto, the lands should be sold under the statute to
    make assets to pay the debts of the deceased, it appearing that the per-
    sonal property is inadequate.

APPEAL by defendants from *Bryson, J.,* at the January Special Term,
1922, of DAVIDSON.

Petition for dower, and to sell land to make assets, heard on appeal
from the clerk of the Superior Court of Davidson County. There was
judgment confirming the judgment of the clerk in favor of the petitioner,
and defendants excepted and appealed.

*Raper & Raper for plaintiff.*
*P. V. Critcher for defendants.*

HOKE, J. It appears from a perusal of the pleadings and the admis-
sion of the parties that J. Frank Curry died on .... December, 1921,
intestate, owning a lot of realty, and indebted to an amount largely in
excess of his personal property, leaving him surviving the petitioner, his
widow, and three infant children as his heirs at law; that plaintiff
having duly qualified as administratrix, filed this her petition, praying
for an allotment of dower in all the lands of which the deceased was
seized and possessed, and also to sell such portion of the remainder of
the real property as was required to pay the debts; that defendants are
the infant children of the deceased, represented by a duly appointed
guardian *ad litem.* There was judgment by the clerk awarding the
petitioner dower in all the lands owned by the deceased except one lot
in which he had a remainder after a life estate, and that the residue
excepting the dower interest, or so much thereof as was necessary, be
sold for payment of indebtedness. This judgment was in all respects

confirmed by his Honor, and we find no valid objection that can be urged against the judgment or the proceedings in which the same has been entered. The only exception insisted on by appellants is that certain portions of the realty devised by the will of his father, W. F. Curry, deceased, conveyed to the intestate only a life estate in the property.

From the facts in evidence it appears that the title to the realty referred to and the nature and extent of the intestate's ownership is dependent upon the following clause in his father's will in terms as follows: "I will and bequeath to each of my children an equal share in my real estate, to have and to hold as long as they may live, and after their death to their heirs." And this, in our opinion, under the rule in *Shelley's case,* clearly passed to the intestate a fee-simple interest in his portion of the property, which has been duly allotted to him on partition of the father's realty. *Wallace v. Wallace,* 181 N. C., 158; *Nobles v. Nobles,* 177 N. C., 243; *Robeson v. Moore,* 168 N. C., 389; *Price v. Griffin,* 150 N. C., 523.

The prevalence of the rule in this State and its pertinency to the facts of the present record, as well as a recognized instance where the rule does not apply, are set forth in the recent case of *Wallace v. Wallace,* as follows, where it was held in part:

"1. A limitation coming within the rule in *Shelley's case,* recognized as existent in this State, operates as a rule of property, passing, when applicable, a fee simple, both in deeds and wills, regardless of a contrary intent on the part of the testator or grantor appearing in the instrument.

"2. Whenever an ancestor by any gift or conveyance took an estate or freehold, as an estate for life, and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs or to the heirs of his body as a class to take in succession as heirs to him, such words are words of limitation of the estate, and conveys the inheritance, the whole property to the ancestor, and they are not words of purchase.

"3. In order to an application of the rule in *Shelley's case,* the words 'heirs' or 'heirs of the body' must be taken in their technical sense, or carry the estate to the entire line of heirs to hold as inheritors under our canons of descent; but should these words be used as only designating certain persons, or confining the inheritance to a restricted class of heirs, the rule does not apply, and the ancestor or the first taker acquires only a life estate according to the meaning of the express words of the instrument."

We were referred by counsel for appellants to the case of *Mills v. Thorne,* 95 N. C., 362-364, citing with approval *Ward v. Jones,* 40 N. C., 400, as authority against application of the rule in the present case, but we do not so understand those decisions.

In the *Mills case,* as well as that of *Ward v. Jones, supra,* it was held that annexing the words "to be equally divided between them" to the terms "heirs" or "issue" in the ultimate limitation after a preceding life estate, would prevent the operation of the rule in *Shelley's case.* This, as stated in the opinions, was because the use of such qualifying words would change these terms from their hereditable significance and quality under our general canons of descent so as to require a per capita division among the "heirs or issue." As the estate might therefore be carried to a different line of heirs from those who would take by our general canons of descent under the third position, as taken from the *Wallace decision, supra,* and the rule in *Shelley's case* would not apply and the heirs or issue referred to in ultimate limitation would take and hold as purchasers.

But not so here, where there are no qualifying words annexed to the ultimate limitation, but under the father's will, the estate is in effect devised to the children "in equal portions for life with remainder to their heirs," without more. Both under the first and the ulterior limitation the property is passed in the same interest and in the same manner as the law of descents would have given it, and in our opinion as stated the rule in *Shelley's case* clearly applies.

This being true, the widow of this owner is entitled to her dower, and subject to such interest the creditors or plaintiff, as their representative, is entitled to a sale to make assets as the lower courts have decreed. We find no error in the record, and the judgment is affirmed.

Affirmed.