## VIRGINIA-CAROLINA POWER CO. v. JOB TAYLOR.

### (Filed 3 March, 1926.)

**1. Ejectment—Title—"Color"—Evidence — Landlord and Tenant — Instructions—Appeal and Error.**

Where the plaintiff in ejectment has shown paper title by mesne conveyances from a State grant of the lands in controversy, and the defendant, claiming under sufficient evidence of adverse possession with and without color, C. S., 428, 430, and denies a lease introduced by the plaintiff to the defendant's predecessor in title: *Held*, reversible error for the court to instruct the jury that defendant's possession is conclusively presumed to be that of a tenant for twenty years under the provisions of C. S., 433, and exclude evidence of ownership of his predecessor in title during the continuance of the lease and for twenty years thereafter.

**2. Same—Landlord and Tenant—Leases—Evidence—Issues — Questions for Jury.**

Where the defendant in ejectment claims the *locus in quo* by sufficient evidence of adverse possession with and without "color," as against plaintiff's chain of paper title, and the defendant denies the genuineness of a lease to his predecessor which the plaintiff has introduced, an issue of fact is raised for the determination of the jury.

**3. Same—Statutes—Limitation of Actions—Presumptions.**

The presumption that the possession of the landlord is that of the tenant who has entered under him until the expiration of twenty years from the termination of the tenancy, etc., exists no longer than the period provided by the statute.

**4. Tenants in Common—Deeds and Conveyances—Division of Lands—Title.**

Mutual deeds given by tenants in common to hold the lands divided in severalty do not affect the title to the lands, but is only a severance of the possession.

**5. Limitation of Actions—Ejectment—Tenants in Common—Landlord and Tenant—Possession—Title—Deeds and Conveyances.**

Evidence that a tenant in common with defendant in ejectment claiming the *locus in quo* by adverse possession, paid rent to another, prior to the existence of the cotenancy, is not evidence that the defendant entered into possession under the title of such other person.

APPEAL by defendant from *Dunn, J.,* at August Term, 1925, of NORTHAMPTON.

Civil action in ejectment brought to recover the possession of a tract of land, consisting of approximately 97 acres and covered by the waters of Roanoke River, a non-navigable stream, save a small island of about five acres, known as Sturgeon Island, located near the center of the stream.

The usual issues in ejectment were submitted to the jury and answered in favor of the plaintiff. From the judgment entered thereon, the defendant appeals, assigning errors.

*Geo. C. Green for plaintiff.*
*Travis & Travis, Burgwyn & Norfleet and Daniel & Daniel for defendant.*

STACY, C. J. . The case at bar has been tried twice in the Superior Court, and this is the second appeal here. See former opinion as reported in 188 N. C., 351, for fuller statement of the facts. And desirable as an ending of the litigation may be, there are several exceptions, appearing on the present record, which seem to necessitate another hearing.

The land in question consists of approximately 97 acres in the bed of Roanoke River, a non-navigable stream, and includes a small island of about five acres capable of cultivation, known as Sturgeon Island. The plaintiff claims title under a grant issued by the State to William Eaton in 1790, and mesne conveyances connecting the plaintiff with said grant. *Mobley v. Griffin,* 104 N. C., 112. The defendant, on the other hand, claims title by adverse possession, and, on the hearing, undertook to show such possession (1) for seven years under color, and (2) for twenty years without color, either method being sufficient to establish title in this jurisdiction. C. S., 428 and 430.

There was evidence on behalf of the defendant that part of the land, including Sturgeon Island, was at one time held by Samuel Miles, the defendant's predecessor in title. And in order to rebut this testimony the plaintiff introduced two alleged leases from Wilkins & Broadnax, under whom the plaintiff claims, to Samuel Miles, for the purpose of showing that said Miles held the land as tenant and not in his own right or adversely to the plaintiff's predecessor in title. The last of these alleged leases expired 1 January, 1868.

The defendant denied the execution and delivery of these leases. There was evidence tending to show that the signatures of Samuel Miles to said leases were in his handwriting and that the leases were found among the papers of E. W. Wilkins, one of the alleged lessors. Upon this showing, the court ruled and announced from the bench in the presence of the jury "that Samuel Miles was the tenant of Wilkins & Broadnax, and held possession of Sturgeon Island and the fish slides as such during the term covered by the leases admitted in evidence."

This ruling was erroneous and prejudicial to the defendant. The leases were denied, hence it was a question for the jury to say whether they were genuine and whether the relation of landlord and tenant

existed between Wilkins & Broadnax and Samuel Miles. *Dobbins v. Dobbins,* 141 N. C., 210; *Smith v. Lumber Co.,* 140 N. C., 375.

After the above ruling, his Honor further held that "any acts of possession by Samuel Miles or anyone claiming under him during the term of the two leases, or within 20 years after the expiration of the last term, were presumed to be done under the leases, and that such acts, if any, were not to be considered as adverse to the possession of Wilkins and Broadnax, and those claiming under them during such period."

Under this holding, the defendant was not allowed to show any acts of ownership on the part of Samuel Miles prior to 1888; the basis of this ruling was that, as the possession of the tenant is deemed to be the possession of the landlord, until the expiration of 20 years from the termination of the tenancy, it would take twenty years longer, or forty years in all, to ripen title by possession of anyone claiming under Samuel Miles. This we think was an erroneous construction of C. S., 433, which is as follows:

"When the relation of landlord and tenant has existed, the possession of the tenant is deemed the possession of the landlord, until the expiration of twenty years from the termination of the tenancy; or where there has been no written lease, until the expiration of twenty years from the time of the last payment of rent, notwithstanding that the tenant may have acquired another title, or may have claimed to hold adversely to his landlord. But such presumptions shall not be made after the periods herein limited."

Under this statute, when the relation of landlord and tenant has once been established, the possession of the tenant is presumed to be the possession of the landlord for a period of twenty years, following the termination of the tenancy, or, where there has been no written lease, for twenty years from the time of the last payment of rent, but such presumption is not to be made after the periods limited in the statute. In other words, the presumption which attaches to the possession of a tenant following the termination of a tenancy, is only a presumption for the periods limited in the statute, and after the expiration of such periods, the presumption no longer exists. *Melvin v. Waddell,* 75 N. C., 361.

It is practically conceded by the plaintiff that the above rulings cannot be sustained unless they are rendered harmless by the evidence of W. F. Horner, under whom, it is alleged, the defendant claims, he having testified that he paid rent for Sturgeon Island from 1910 to 1914 to Miss Nellie Broadnax, one of plaintiff's predecessors in title. But it is not conceded that the defendant claims under W. F. Horner. The evidence is that the defendant and W. F. Horner purchased the

*locus in quo* and other lands in 1917 and executed division deeds therefor in 1919. Partition deeds between tenants in common operate only to sever the unity of possession and convey no title. *Harrington v. Rawls,* 136 N. C., 65; *Harrison v. Ray,* 108 N. C., 215. Furthermore it will be observed that W. F. Horner says he paid Miss Broadnax rent on Sturgeon Island from 1910 to 1914, and this was before he became a tenant in common of said property with the defendant. There was other evidence to the effect that the Lobdell Car Wheel Company, defendant's grantor and predecessor in title, held possession of Sturgeon Island from 1876 to 1917, which, of course, included the period from 1910 to 1914.

For the errors as indicated, there must be a new trial, and it is so ordered.

New trial.