CATHERINE E. WOOD and JOHN R. HEMPHILL, Original Parties Plaintiff, and J. G. FORD, Intervener, Additional Party Plaintiff, v. RICHARD P. WILDER, EDWARD H. WILDER, WILLIAM R. WILDER, W. B. FERGUSON, Administrator of the Estate of W. D. WILDER, Deceased, and OTHENA HERRON.

(Filed 3 March, 1943.)

**1. Partition § 10: Tenants in Common § 3: Husband and Wife § 11—**

An exchange of deeds by tenants in common, where the purpose is clearly partition, does not create or confer upon the parties any additional, or new, or different title, and each party to the partition holds precisely the same title he had before the partition, which only severs the unity of possession. Where a husband, in such a partition, is made a joint grantee with his wife he acquires no title.

WOOD *v.* WILDER.

**2. Pleadings § 15: Appeal and Error § 37a—**

> While the general rule does not allow a party to adopt, in the Supreme Court, a different theory from that upon which he tried his case below, the rule has no application on demurrer based upon an alleged failure of the complaint to state a cause of action.

**3. Pleadings § 15—**

> A demurrer admits every factual averment in the complaint and all reasonable inferences therefrom.

APPEAL by plaintiffs from *Sink, J.,* at August Term, 1942, of BUN-COMBE. Reversed.

The plaintiffs described their suit as an action to remove a cloud from their title, but it may be construed and treated as an action in ejectment. It is here upon appeal from a successful demurrer to the complaint made *ore tenus* as not stating a cause of action.

Substantially, the complaint sets up the following facts, in which is incorporated a history of the plaintiffs' alleged title:

John R. Hemphill died intestate 15 June, 1889, the owner in fee of a tract of land containing one hundred and twenty-five acres, situated in Buncombe County. He left surviving him, as his heirs at law, five children: John R. Hemphill, T. C. Hemphill, Catherine E. Wood, Mary C. Ballard and Othena Herron. It is alleged that Othena Herron, because of previous advancements received by her by conveyance of other lands, laid no claim to any part of the one hundred and twenty-five acre tract and was, therefore, not considered in the partition of the land subsequently made. The amended pleadings, however, set up as an independent allegation that Othena Herron is, by reason of the said advancement, not entitled to any portion of the lands in controversy.

The other four children held the lands as tenants in common until 3 October, 1901, when they agreed to partition the lands and thereafter hold their shares in severalty. In pursuance of this agreement they divided the lands into four parts, agreed upon the allotments, and consummated the partition by deeds. The precise mode adopted was peculiar; each of the four received a deed to his or her share, executed by the other three. It is stated in the complaint that the forms of the deeds are similar. When, however, they came to the share of Mary C. Ballard, the lands here in controversy, the other three heirs and cotenants named executed and delivered a deed thereto to the said Mary C. Ballard and her husband, R. S. Ballard, in the form of a conveyance in fee, with covenants and warranties of title and citing a consideration of $200.00. The plaintiffs allege that R. S. Ballard was made one of the grantees through error.

Mrs. Ballard died 28 January, 1930, intestate and leaving no children; none were born of the marriage with R. S. Ballard. It is stated in plaintiffs' pleadings that after the death of his wife, R. S. Ballard attempted to convey the lands to his nephew, W. D. Wilder, without consideration.

While the parties were impleading each other and after answer had been made to the complaint, the defendants made a motion to render judgment against the plaintiffs Catherine E. Wood and John R. Hemphill on the grounds of alleged "admissions and allegations not denied" which would estop the plaintiffs by their record from maintaining this cause. It is not stated in this motion what these admissions and allegations are. The motion was denied, and thereafter the plaintiffs were permitted by order of court to file an amended complaint, in which substantially the foregoing allegations were reiterated and additional matter was inserted intending to exclude any rights which Othena Herron might have had and pleading advancements made to her.

Thereupon, the defendants demurred *ore tenus* for that the complaint failed to state a cause of action, and the demurrer was sustained. From this order plaintiffs appealed, assigning error.

*T. B. Galloway for plaintiffs, appellants.*
*E. L. Loftin for defendants, appellees.*

Seawell, J. The allegations of the complaint do not permit us—at least for the purpose of this review—to regard the deed made to Mary Ballard and her husband as a separate, detached transaction, and to draw certain inferences from its form which, without attending circumstances, might defeat the action and sustain the demurrer. The plaintiffs allege that at the time this deed was made there were other deeds of similar purport and purpose executed and exchanged between the parties as a part of the same transaction—a transaction which, as they allege, explains and characterizes the deed under consideration.

It is alleged that the lands to which these deeds refer were component parts of a tract of land inherited from the deceased father and held in common. It is further alleged that the tenants in common had agreed to divide the land by voluntary partition, and had determined upon the moiety which each was to receive, and that the sole purpose of these deeds, including the Ballard deed, was to make effectual this partition, and set apart the parcel which each of the tenants in common might thereafter hold and enjoy in severalty. They contend, therefore, that the deeds should be construed together in the light of the attendant circumstances and the purpose for which they were made and exchanged. *Millard v. Smathers,* 175 N. C., 56, 94 S. E., 1045; *Jelly v. LaMar,* 242 Mo., 44, 145 S. W., 799; *Casstevens v. Casstevens,* 227 Ill., 547,

81 N. E., 709; 118 American State Reports, 291; 40 Am. Jur., p. 15, sec. 17; 47 C. J., 274, sec. [19] 2.

Upon the alleged facts of the complaint, the case falls within the principle expressed in *Sprinkle v. Spainhour,* 149 N. C., 223, 62 S. E., 910, and *Speas v. Woodhouse,* 162 N. C., 66, 77 S. E., 1000; *Jelly v. LaMar, supra.* Speaking to the question in *Sprinkle's case, supra,* and construing a deed similar in form and made under like circumstances, *Brown, J.,* said:

"Assuming for the sake of the argument that this particular deed, under the circumstances attending it, had conveyed an estate in fee to husband and wife, both, the husband and those claiming as his heirs would not be permitted to set up a claim to the land. It descended to S. E. V. Sprinkle from her ancestor, and this partition deed was made during her coverture. At the date of its execution the land belonged to her separate estate. It is one of the essentials of the peculiar estate by entireties sometimes enjoyed by husband and wife, that the spouses be *jointly entitled* as well as jointly named in the deed. Hence if the wife alone be entitled to a conveyance, and it is made to her and her husband jointly, the latter will not be allowed to retain the whole by survivorship. And it matters not if the conveyance is so made at her request, because being a married woman she is presumed to have acted under the coercion of her husband. *Moore v. Moore,* 12 B. Mon., 664; *Babbitt v. Scroggins,* 1 Duval, 273; *Gillan v. Dixon,* 65 Pa. St., 395, all cited in 18 Am. Dec., 383, 384."

If Mrs. Ballard already held title to the parcel which she received in the division by inheritance from her father—and that, as we have seen, is the allegation—the deed of the cotenants to her and her husband made under the circumstances alleged could not have the effect of creating an estate by entirety, since the grantees, husband and wife, are not jointly entitled, and the husband would not be entitled to hold on the theory of survivorship. Moreover, there is no conveyance by the wife to the husband of the interest thus held; and, therefore, he got no title by the deed of the cotenants without her joinder. This defect of title would, of course, extend to those who hold by inheritance or *mesne* conveyance stemming from Ballard.

It has been repeatedly held that such a deed from cotenants, where the purpose is clearly partition, does not create or confer upon the parties any additional or new or different title, and that each party to the partition holds precisely the same title he had before the partition—the deeds exchanged operating only to sever the unity of possession. *Wallace v. Phillips,* 195 N. C., 665, 143 S. E., 244; *Valentine v. Granite Corporation,* 193 N. C., 578, 137 S. E., 668; *Virginia-Carolina Power Co. v. Taylor,* 191 N. C., 329, 131 S. E., 646; *Lindsay v. Beaman,* 128 N. C.,

189, 38 S. E., 811; *Harrison v. Ray,* 108 N. C., 215, 12 S. E., 993. See 47 C. J., p. 282, [38] b.

In *Cottrell v. Griffiths,* 108 Tenn., 191, 195, 65 S. W., 397, the effect of such a deed is thus expressed:

"Partition by decree or deed between tenants in common, when they are married women, and the decree or deed includes husbands with wives as decretal parties or joint conveyees, carries no other or more interest to the husband than if such decree or partition deed had been made to the wife, alone."

The defendants insist that the plaintiffs have attempted, but ineffectually, to set up a cause of action for reformation of the Ballard deed on the ground of mistake—that they pitched battle upon that issue in the Superior Court and should not be allowed to adopt a different theory of the case on appeal. The rule which defendants invoke has been followed here with some consistency where an actual trial has been had in the court below, and it is obvious to the appellate court that the adoption of a different theory here would be unfair and would tend to defeat justice. It is not applicable to the situation before us.

The demurrer, as has been frequently said, admits every factual averment in the complaint and all reasonable inferences therefrom. *Mallard v. Housing Authority,* 221 N. C., 334, 338, 20 S. E. (2d), 281. To prevail, it must wipe the slate clean. Against the demurrer, the plaintiffs are entitled to have their pleading appraised by reference to any cause of action which it sufficiently expresses. *Hawkins v. Land Bank,* 221 N. C., 73, 75, 18 S. E. (2d), 823. In this instance, the inclusion in the pleading of an inadequately stated cause of action for equitable relief (if, indeed, the explanatory references in the complaint could be so construed), not essential to the relief demanded, or at least to relief of some sort upon the facts alleged, is, therefore, not fatal.

The demurrer to the complaint was erroneously sustained, and the judgment of the court below in that respect is

Reversed.