ARCHIE ELLEDGE, ADMINISTRATOR OF THE ESTATE OF LUTHER JEFFERSON WELCH, v. ZELLA CATHERINE FISHEL WELCH; WINFRED A. FISHEL, GUARDIAN FOR ZELLA C. WELCH; R. GLENDORA CLINARD; CREED CARLOUS WELCH AND WIFE, MRS. CREED CARLOUS WELCH; ELBERT LEE WELCH AND WIFE, MRS. ELBERT LEE WELCH; CLARA ALDINE SNYDER (MINOR); MARTHA FRANCES SNYDER (MINOR); NELLIE JEAN GARDNER (MINOR); PATSY ANN GARDNER (MINOR).

(Filed 12 June, 1953.)

1. Partition § 8: Descent and Distribution § 2: Husband and Wife § 14—

Where heirs at law exchange deeds for the purpose of partitioning land held by them as tenants in common, such deeds create no new title, even though in the regular form of deeds of bargain and sale, but merely sever the unity of possession so that each takes his share by descent from the ancestor, and therefore the deed to one heir and his wife under such partition does not create an estate by the entirety.

**2. Appeal and Error § 39e—**

The admission of testimony over objection is not ground for a new trial when the objecting party thereafter affirmatively elicits on cross-examination substantially the same testimony.

**3. Same—**

The admission of testimony not pertinent to the determinative issues in the cause *is held* harmless in this case.

**4. Descent and Distribution § 4—**

Upon the death of an heir without lineal descendants, title to land inherited by him passes to his collateral heirs of the blood of the ancestor. G.S. 29-1 (Rule 4).

**5. Insane Persons § 16—**

Where a person adjudged incompetent is a party defendant, her rights are committed to the care of the court and she will be deemed to have pleaded all pertinent defenses notwithstanding that she is represented by a guardian. G.S. 1-16.

**6. Appeal and Error § 6c (1), (9)—**

Where a person adjudged incompetent is a party to the action, the Supreme Court on appeal, in the exercise of its supervisory power, will assume jurisdiction on her behalf and treat errors committed against her as being before the court and duly presented for review notwithstanding that she has not appealed.

**7. Dower § 7—**

Where land of intestate is sold to make assets to pay debts of the estate, the dower claim of intestate's widow has priority in the proceeds of sale both as against the husband's debts and the cost and charges of administration.

**8. Homestead § 4a—**

When a husband dies childless and in debt, his widow is entitled to a homestead in his lands. Constitution of N. C., Art. X, sec. 5.

APPEAL by defendants Creed Carlous Welch and Elbert Lee Welch from *Godwin, Special Judge,* and a jury, at 12 January Term, 1953, of FORSYTH.

Special proceeding brought by Archie Elledge, Administrator of the estate of Luther Jefferson Welch, deceased, to sell land to create assets with which to pay debts of the decedent.

The land involved in this appeal is a lot located on Arcadia Avenue in the City of Winston-Salem. It was a part of the landed estate of J. J. Williard, who died intestate prior to 1927, being survived by his widow, Martha A. Williard, and the following named persons, his only heirs at law: R. Glendora Clinard, a daughter, and Luther Jefferson Welch, a grandson (the son of a deceased daughter). Therefore upon the death of J. J. Williard all his lands descended to R. Glendora Clinard and

Luther J. Welch, share and share alike, subject to the right of dower of his widow, Martha A. Williard.

In 1927 R. Glendora Clinard and husband, J. H. Clinard, with the joinder of Martha A. Williard, widow, made a deed to Luther J. Welch and wife, Zella C. Welch, embracing the lot involved in this appeal. The deed is recorded in the Public Registry of Forsyth County in Deed Book 288, p. 222.

The decedent, Luther J. Welch, died intestate in Forsyth County 23 July, 1948, without having disposed of the lot. He left no children or lineal descendants. He was survived by his widow, the defendant Zella C. Welch, and by his aunt, R. Glendora Clinard, the latter being the next collateral relation of Luther J. Welch who was of the blood of J. J. Williard, the first purchaser of the lot. Luther J. Welch was survived by these collateral kin who were not of the blood of J. J. Williard : two half-brothers, Creed Carlous Welch and Elbert Lee Welch; and four nieces (children of two deceased half-sisters), Clara Aldine Snyder, Martha Frances Snyder, Nellie Jean Gardner, and Patsy Ann Gardner.

The questions at issue in the trial below revolved around the legal effect of the foregoing deed. The allegations of the parties in respect thereto are in substance as follows :

1. The plaintiff, administrator, in his original petition alleges that the deed conveyed to the intestate, Luther J. Welch, a one-half interest in the lot in controversy.

2. The widow Zella C. Welch, incompetent, being represented by her guardian, filed answer alleging that the deed made in 1927 by Martha A. Williard and R. Glendora Clinard and husband to Luther J. Welch and wife, Zella C. Welch, created in the grantees an estate by the entirety in the lot in question, and that upon the death of Luther J. Welch she, the widow, by survivorship became the sole owner of the lot, and that no part thereof is subject to sale by the administrator.

3. The defendants Creed Carlous Welch and Elbert Lee Welch, half-brothers of the decedent Welch, by answer allege that the lot in question was originally owned by J. J. Williard; that in 1927 following his death, his only heirs at law, R. Glendora Clinard and Luther J. Welch, "entered into an agreement as to the division of" the lands of J. J. Williard; "and under that agreement each one accepted certain of the real properties as their division and went into possession of the same under the agreement," and that the deed made by Martha A. Williard, widow, and R. Glendora Clinard and husband to Luther J. Welch and wife, Zella C. Welch, was made pursuant to this partition agreement.

However, these defendants further allege that the deed in question, being a regular form deed of bargain and sale reciting a valuable consideration. had the legal effect of placing title 'in Luther J. Welch by pur-

chase. These defendants also specially plead the deed, with its covenants of seizin and warranty, as an estoppel against R. Glendora Clinard's claim of title by inheritance from Luther J. Welch through the blood line of J. J. Williard.

4. The infant nieces of the decedent by the half-blood (whose legal status is necessarily analogous to that of the half-brothers), represented by their guardian *ad litem,* filed a general denial and submitted their interests to the protection of the court.

5. Upon call of the case for trial, the administrator, under leave of court, filed a reply and thereby recast the theory of his cause of action by alleging that Luther J. Welch was the sole owner of the lot, rather than the owner of a half-interest therein as originally alleged. The pertinent allegations of the reply follow:

"That upon the death of J. J. Williard he owned four tracts of land which are described in the following deeds recorded in the office of the Register of.Deeds of Forsyth County, N. C.: Book 288, pages 219, 220, 221 and 222; that . . ., Martha A. Williard, widow of J. J. Williard, and R. Glendora Clinard and husband, J. H. Clinard, executed deeds to two of these tracts to Luther J. Welch and wife, Zella C. Welch, and that Luther J. Welch and wife, Zella C. Welch, and the widow, Martha A. Williard, deeded the other two tracts to R. Glendora Clinard and these .deeds were all dated the same date and all acknowledged on the same date before the same Notary Public and recorded at the same time in the office of the Register of Deeds of Forsyth County, . . . and the execution of these deeds was a partition of the real estate inherited by R. Glendora Clinard and Luther J. Welch, . . . joined in by the widow, Martha A. Williard; that these were the sole heirs of J. J. Williard, deceased, and that the real estate described in Deed Book 288 at page 222 was one of the partition deeds and was not a deed to Luther J. Welch by purchase. . . . that Luther J. Welch became the sole owner of said real estate and that his estate was inherited from his grandfather, J. J. Williard, and that the half brothers and sisters of Luther J. Welch are not of the blood of J. J. Williard, and that the sole blood heir of J. J. Williard is R. Glendora Clinard; that after the real estate described in Deed Book 288, page 222, is sold to create assets to pay debts, the amount remaining, if any, ascends to R. Glendora Clinard, . . . subject to the dower interest of Zella C. Welch."

6. The defendant R. Glendora Clinard filed no answer or other pleading. She seems to have been content to permit the administrator to stake out her claim, both originally as stated in the petition, and later as alleged in the reply filed immediately before the commencement of the trial.

The case was tried upon the theory of the plaintiff's cause of action as recast by the reply.

It was stipulated by the parties in substance as follows: (1) that J. J. Williard owned the lot in question at the time of his death; (2) that R. Glendora Clinard "is now the only blood heir of J. J. Williard"; and (3) that the appealing defendants "are half-brothers and sisters of Luther J. Welch, but no blood relation to J. J. Williard."

The plaintiff offered in evidence from the Public Registry of Forsyth County two deeds dated the same day in 1927: one executed by Martha A. Williard and Luther J. Welch and wife, Zella C. Welch, to R. Glendora Clinard; the other, executed by Martha A. Williard and R. Glendora Clinard and husband to Luther J. Welch and wife, Zella C. Welch, embracing the lot in controversy. The latter deed is a regular form deed of bargain and sale; it contains the usual covenants of warranty and seizen and recites a consideration of "One Hundred Dollars and other valuable consideration(s)." (Other deeds not pertinent to decision were also offered in evidence.)

Over objection and exception of the appellants, the defendant R. Glendora Clinard was permitted to testify as a witness for · the plaintiff, administrator, in substance that when the foregoing two deeds were executed between her and Luther J. Welch, no money was paid over by either party to the other. However, on cross-examination by counsel for the appealing defendants, the witness R. Glendora Clinard, in relevant response to questions propounded, testified in substance that after the death of her father, J. J. Williard, she and her nephew, Luther J. Welch, "got together and agreed on a division of the property" and "we each took possession of what was deeded over to us"; that she and her nephew agreed on what the estate was worth, and each took the share agreed upon. And when recalled later in the trial, she further testified under cross-examination by counsel for appellants: "Q. This morning you stated that— speaking about the piece of property in question in Book 288 at page 222, I believe you stated this morning you received no money or anything of value from Mrs. Welch in connection with that transaction? A. No, I didn't receive any."

No evidence was offered by any of the defendants.

Issues were submitted to the jury and answered under peremptory instructions as follows:

"1. Was J. J. Williard the owner of the real estate described in Deed Book 288, page 222, as recorded in the office of the Register of Deeds of Forsyth County, North Carolina, at the time of his death? Answer: YES.

"2. Was the deed executed by Martha A. Williard, R. Glendora Clinard and husband, J. H. Clinard, to Luther J. Welch and wife, Zella C. Welch, as recorded in Deed Book 288 at page 222, a partition deed executed between the heirs of J. J. Williard? Answer: YES.

"3. What estate in the land described in the deed recorded in Deed Book 288 at page 222, if any, was conveyed to Zella C. Welch by said deed? Answer: NONE.

"4. Is R. Glendora Clinard the sole surviving heir to said real estate, subject to the dower rights of Zella C. Welch, widow of Luther Jefferson Welch, as alleged by the petitioners? Answer: YES.

"5. Is it necessary for the administrator of the estate of Luther Jefferson Welch to sell the real estate described in paragraph 8 of the petition to create assets to pay debts of the estate? Answer: YES."

Judgment was entered on the verdict directing that the lot be sold in accordance with statutory procedure, with direction that the proceeds be treated as assets in the hands of the administrator for the payment of the debts of the decedent Welch and the costs and charges of administration. It was further directed that "from the balance on hand" the administrator pay over to or for Zella C. Welch the cash value of her dower interest in the lot and that any balance remaining be paid "to R. Glendora Clinard, sole heir and next of kin of J. J. Williard."

From the judgment so entered the defendants Creed Carlous Welch and Elbert Lee Welch appealed to this Court, assigning errors.

*George W. Braddy for defendants Creed Carlous Welch and Elbert Lee Welch, appellants.*

*Parker & Lucas for petitioner, appellee.*

JOHNSON, J. Deeds between tenants in common, when the purpose is partition, operate only to sever the unity of possession and convey no title. Each party holds precisely the same title which he had before the partition, and neither cotenant derives any title or interest from his cotenants, the theory being that the undivided interest held by each in the whole tract is severed by the partition from the interests of the others and concentrated in the parcel set apart to each, with the interests of the others being excluded therefrom. *Wood v. Wilder,* 222 N.C. 622, 24 S.E. 2d 474; *Valentine v. Granite Corporation,* 193 N.C. 578, 137 S.E. 668; *Garris v. Tripp,* 192 N.C. 211, 134 S.E. 461; *Virginia-Carolina Power Co. v. Taylor,* 191 N.C. 329, 131 S.E. 646. See also 68 C.J.S., Partition, Sec. 17, p. 23.

Accordingly, a deed made by one tenant in common to a cotenant and the latter's spouse in partitioning inherited land or land held as a tenancy in common, does not create an estate by the entirety or enlarge the marital rights of the spouse as previously fixed by law. *Duckett v. Lyda,* 223 N.C 356, 26 S.E. 2d 918; *Wood v. Wilder, supra; Harrison v. Ray,* 108 N.C. 215, 12 S.E. 993; 68 C.J.S., Partition, Sec. 17, p. 24; Annotations: 132 A.L.R. 630, p. 637; 172 A.L.R. 1216, p. 1218.

And the fact that deeds exchanged between tenants in common in effecting partition may be regular form deeds of bargain and sale, with the usual covenants of title, seizen, and warranty, ordinarily does not affect the operation of the rule that a partition deed creates no new, different, or additional title. *Wood v. Wilder, supra; Duckett v. Lyda, supra; Harrison v. Ray, supra.* See also 47 C.J., p. 281; 68 C.J.S., Partition, Sec. 17, pp. 22 and 23. *Cf. Sutton v. Sutton,* 236 N.C. 495, 73 S.E. 2d 157, which is factually distinguishable and governed by a different rule.

In the light of the foregoing principles of law, it is apparent that the record does not sustain the appellants' allegation that Luther J. Welch took title by purchase under the Clinard deed, rather than by inheritance from his grandfather, J. J. Williard. *Wood v. Wilder, supra; Duckett v. Lyda, supra.* And equally untenable is appellants' plea of estoppel against R. Glendora Clinard. *Harrison v. Ray, supra.*

The testimony of the defendant R. Glendora Clinard to the effect that no consideration was paid in connection with the exchange of partition deeds between her and Luther J. Welch was violative of the dead man statute, G.S. 8-51, and should have been excluded. Even so, appellants lost the benefit of their exceptions by affirmatively eliciting on cross-examination substantially the same testimony. *Willis v. New Bern,* 191 N.C. 507, p. 514, 132 S.E. 286. *Cf. Shelton v. Southern R. Co.,* 193 N.C. 670, 139 S.E. 232. Besides, under the theory of the trial as shaped by the pleadings, the facts developed by the challenged testimony were not pertinent to the determinative issues. Therefore, in any aspect of the case, the reception of this evidence may be treated as harmless. *Wilson v. Lumber Co.,* 186 N.C. 56, 118 S.E. 797; *S. v. Rainey,* 236 N.C. 738, p. 741, 74 S.E. 2d 39. See also *Muse v. Muse,* 236 N.C. 182, 72 S.E. 2d 431.

From the admissions in the pleadings and the uncontroverted evidence in the case it is manifest, as the only reasonable inference deducible, that Luther J. Welch derived title to the land in controversy by inheritance from his grandfather, J. J. Williard, and that the Clinard deed to the decedent Welch, under which the appellants claim, was a partition deed which created no new or additional title. And if this be so, it follows that upon the death of Luther J. Welch, intestate and without lineal descendants, title to the lot passed by inheritance to his aunt, R. Glendora Clinard, who was the next and only collateral relation of Luther J. Welch of the blood of the purchasing ancestor, J. J. Williard, capable of inheriting under our fourth canon of descent, G.S. 29-1 (Rule 4). *Poisson v. Pettaway,* 159 N.C. 650, 75 S.E. 930.

Therefore the appellants may not predicate error upon the peremptory instructions given the jury by the presiding judge. Nor have the appel-

lants shown error prejudicial to them in any other phase of the case. All their assignments of error must be overruled, and it is so ordered.

However, error as against the defendant Zella C. Welch appears on the face of the record. She has not appealed. Nevertheless, the record discloses she is an adjudged incompetent person. As such, her rights were committed to the care of the court. She is deemed to have pleaded specially all pertinent defenses. G.S. 1-16. In the exercise of our supervisory power, we will assume jurisdiction on her behalf and treat errors committed against her as being before the Court and duly presented for review. Constitution of North Carolina, Article IV, Section 8; *Ange v. Ange,* 235 N.C. 506, 71 S.E. 2d 19; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663; *Wescott v. Bank,* 227 N.C. 644, 43 S.E. 2d 844.

First, it is noted that the judgment in making provision for the disbursement of the proceeds of sale gives the unsecured debts of the decedent and the costs and charges of administration priority over the dower claim of the widow. This is error. The dower claim is entitled to priority, both as against the husband's creditors (G.S. 30-3; *Holt v. Lynch,* 201 N.C. 404, 160 S.E. 469; *Curry v. Curry,* 183 N.C. 83, 110 S.E. 579), and also the costs and charges of administration. 28 C.J.S., Dower, Sec. 40, p. 107.

Next, we note this is a case in which the widow is entitled to a homestead. The State Constitution, Article X, Sec. 5, provides that when a husband dies childless and in debt, the widow is entitled to a homestead in his lands. *McAfee v. Bettis,* 72 N.C. 28; *Smith v. McDonald,* 95 N.C. 163.

Here both prerequisites of this provision of the Constitution have been met. Also, the record discloses that the intestate, Luther J. Welch, owned other lands. One parcel, not involved in the appeal as perfected, appears to have been sold under order of the court and part of the proceeds have been impounded to await decision herein. Ordinarily, under the procedure prescribed by statute, where a special proceeding, like this one, is brought by an administrator to sell land to make assets, the facts in respect to the widow's homestead rights are brought to the attention of the court for determination in the pending cause. G.S. 1-389.

It nowhere appears in the pleadings or record that the homestead rights of this widow have been asserted by the guardian or investigated by the court. It may be that such investigation has been made and that the widow's homestead rights have been determined and adequately fixed by appropriate action of the court apart from this proceeding. However, against the other eventuality, the case will be remanded with direction that the court ascertain whether these homestead rights have been properly determined and fixed; and if not, the court under proper procedure will conduct such further hearings and enter such decrees as the ends of

justice require for the protection of the interests of this litigant, to the extent, if need be, of setting aside, or treating as surplusage, portions of the verdict rendered by the jury. See *McAfee v. Bettis, supra; Spence v. Goodwin,* 128 N.C. 273, 38 S.E. 859; *Oakley v. Van Noppen,* 96 N.C. 247, 2 S.E. 663; *Campbell v. White,* 95 N.C. 491. See also 29 N.C.L. Rev. 143; McIntosh, N. C. Practice and Procedure, p. 881 *et seq.;* Mordecai's Law Lectures, Second Edition, pp. 380, 381, 520, 1328, and 1333; *Williams v. Johnson,* 230 N.C. 338, 53 S.E. 2d 277.

The judgment below will be set aside and the cause remanded to the Superior Court of Forsyth County for further proceedings and entry of decrees in accordance with this opinion. Let the plaintiff, administrator, pay the costs of the appeal.

Remanded.