CLAUDIA W. COMBS v. J. RODNEY COMBS AND MARGARET R. COMBS.

(Filed 10 April 1968.)

**1. Deeds § 11—**

All deeds constituting a simultaneous transaction may be construed together in determining the intent and effect of one of the deeds.

**2. Husband and Wife § 14—**

A joint tenancy exists when there is unity of time, title, interest and possession, and a tenancy by the entirety is created with the addition of unity of person.

**3. Same—**

A conveyance of land to a husband and wife, nothing else appearing, creates an estate by the entirety.

**4. Husband and Wife § 15—**

An estate by the entirety is based on the common law doctrine of the unity of persons resulting from marriage, so that a conveyance to a husband and wife is a conveyance in law to but one person, and upon the death of one spouse, the whole estate belongs to the other, not solely by right of survivorship but also by virtue of the grant which vested the entire estate in each grantee.

**5. Husband and Wife § 14—**

The common law doctrine of tenancy by the entirety remains unchanged by statute in this State.

**6. Same; Partition § 12—**

Where tenants in common exchange deeds for the purpose of partitioning land, the deeds employed merely sever the unity of possession and create no new title, and therefore if any one of such deeds names the tenant and his spouse as grantees, no estate by the entirety is thereby created, even though the tenant consents thereto, since the grantees must be jointly named and jointly entitled to create an estate by the entirety.

**7. Partition § 12—**

A partition deed creates no new or different title even though it is in the form of a deed of bargain and sale with covenants of title, seisin and warranty.

**8. Husband and Wife §§ 4, 14—**

In a partition of land held as tenants in common by two wives through an exchange of deeds, neither of which contained the certificate of examination pursuant to G.S. 52-6, a deed naming one tenant and her husband as grantees cannot create an estate by the entirety since a wife may not convey her realty to her husband, either directly or indirectly, without complying with the requirements of G.S. 52-6.

**9. Husband and Wife § 4—**

A conveyance of land by a husband to equalize the partition of land held by his wife as a tenant in common does not create a resulting trust in his favor to that extent, for, nothing else appearing, the law presumes that he intended it as a gift to his wife.

APPEAL by petitioner from *Cowper, J.*, at the August 1967 Civil Session, WAYNE Superior Court.

Special Proceeding commenced by Claudia W. Combs to partition a 90.5-acre tract of land between herself and respondent J. Rodney Combs, share and share alike (Margaret R. Combs is Rodney's wife). Defendants filed answer denying plaintiff owned any interest or estate in said tract. The facts are not in dispute and may be summarized as follows:

1. By deed dated 1 May 1933, from the Atlantic Joint Stock Land Bank of Raleigh to Dora S. Combs and Mary L. Sullivan, they became the owners in fee, as tenants in common, of a tract of land in Wayne County containing 163 acres.

2. Dora S. Combs and Dora W. Combs are one and the same person.

3. On 10 May 1935 J. E. Combs became the owner in fee simple of a 40-acre tract of land in Wayne County which was allotted to him as Lot No. 3 in the division of the lands of his ancestors.

4. On 22 December 1936 J. E. Combs and wife Dora Combs executed and delivered a warranty deed to Mary L. Sullivan and husband C. E. Sullivan describing (1) a 73.1-acre tract of land, same being a portion of the 163-acre tract referred to in Paragraph 1 above, *and* (2) the J. E. Combs 40-acre tract referred to in Paragraph 3 above, "in consideration of five dollars and other values." This deed is not acknowledged in compliance with G.S. 52-6 in that there is no finding that the conveyance is not unreasonable or injurious to the wife.

5. On 22 December 1936, Mary L. Sullivan and husband C. E. Sullivan executed and delivered a warranty deed to J. E. Combs and wife Dora W. Combs describing the remaining 90.5-acre portion of the 163-acre tract referred to in Paragraph 1 above, "in consideration of five dollars and other values." This deed is not acknowledged in compliance with G.S. 52-6 in that there is no finding that the conveyance is not unreasonable or injurious to the wife.

6. The two deeds listed in Paragraphs 4 and 5 above were apparently executed and delivered simultaneously. Both deeds were filed for registration on 22 December 1936 at 10:45 A.M.

7. Dora Combs died intestate on 26 March 1950 and left surviving her husband J. E. Combs and one child J. Rodney Combs.

8. J. E. Combs married petitioner Claudia W. Combs on 28 October 1951, and they lived together until his death on 5 July 1964.

9. J. E. Combs left a will dated 15 May 1952 disposing of his personal property. Realty is mentioned only as follows: "It is my understanding that the real estate now in my possession will descend to my son, J. Rodney Combs, after my death, the title to which was held by my former wife, Dora S. Combs."

10. J. E. Combs left surviving as sole next of kin his widow Claudia W. Combs, petitioner herein, and J. Rodney Combs, his son by Dora Combs.

Claudia W. Combs contends that the deed mentioned in Paragraph 5 above from Mary L. Sullivan and husband C. E. Sullivan to J. E. Combs and wife Dora Combs created an estate by the entirety in the 90.5-acre tract described therein; that upon the death of Dora Combs, her husband J. E. Combs took it as survivor, and on the death of J. E. Combs, she and J. Rodney Combs took it as tenants in common, share and share alike.

J. Rodney Combs contends that an estate by the entirety was not created by the Sullivan deed; that Dora Combs and Mary L. Sullivan owned the 163-acre tract as tenants in common, and the exchange of deeds between the Combs and the Sullivans merely effected a partition between Dora Combs and Mary L. Sullivan and conferred no title whatsoever on J. E. Combs; that J. E. Combs had no interest in the 90.5-acre tract except such marital rights as the law vested in him; that, in consequence, when Dora Combs died intestate, title to the 90.5-acre tract descended to and vested in her son J. Rodney Combs, subject only to the curtesy rights of her surviving husband, J. E. Combs.

Jury trial was waived. The trial judge held that petitioner owned no interest in the 90.5-acre tract described in the petition and dismissed the proceeding. Petitioner appealed.

*Braswell & Strickland by Thomas E. Strickland, Attorneys for petitioner appellant.*

*Sasser, Duke and Brown by J. Thomas Brown, Jr.; Dees, Dees, Smith & Powell by William L. Powell, Jr., Attorneys for respondent appellees.*

HUSKINS, J. The determinative question here is whether or not the deed from Mary L. Sullivan and husband C. E. Sullivan to J. E. Combs and wife Dora Combs vested in the grantees an estate by the entireties. If so, petitioner Claudia W. Combs was a tenant in common with J. Rodney Combs at the time of the institution of this proceeding. If not, petitioner owned no interest in the 90.5-acre tract described in her petition.

It is noted at the outset that the deed from the Sullivans to J. E. Combs and wife Dora Combs and the deed from J. E. Combs and wife Dora to the Sullivans were dated, executed and filed for recordation simultaneously. Both are recorded in Book 200, one at page 406 and the other at page 407, Wayne County Registry. Determination of the intent and effect of the deed from the Sullivans to J. E. Combs and wife Dora Combs requires consideration of both deeds. "These deeds together constitute a 'simultaneous transaction.' All instruments executed at the same time and relating to the same subject may be construed together in order to effectuate the intention. *Sandlin v. Weaver,* 240 N.C. 703, 83 S.E. 2d 806; *Howell v. Howell,* 29 N.C. 491." *Smith v. Smith,* 249 N.C. 669, 675, 107 S.E. 2d 530, 534.

The four common-law unities essential to a joint tenancy are unities of time, title, interest and possession. *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566. A tenancy by the entirety is created when a fifth unity, to wit, unity of person, is added to the four. *Topping v. Sadler,* 50 N.C. 357. Thus, "[w]hen land is conveyed or devised to a husband and wife as such, they take the estate so conveyed, or devised, as tenants by the entirety, and not as joint tenants or tenants in common. *Harrison v. Ray,* 108 N.C. 215 [12 S.E. 993]. This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and, upon the death of one, the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. . . . and the estate thus created has never been destroyed or changed by statute in North Carolina." *Davis v. Bass,* 188 N.C. 200 at 203, 124 S.E. 566 at 567. See also *Edwards v. Batts,* 245 N.C. 693, 97 S.E. 2d 101; *Bowling v. Bowling,* 252 N.C. 527, 114 S.E. 2d 228; 41 N.C.L. Rev. 67.

Even so, if the deeds under consideration in this case were exchanged solely for the purpose of partitioning the 163-acre tract owned by Dora Combs and Mary L. Sullivan as tenants in common, the deed from the Sullivans to J. E. Combs and wife Dora had the effect only of severing the unity of possession and created no new estate by the entirety. In dividing the common land by an exchange of deeds, ". . . if any of such deeds names the tenant and his wife or the tenant and her husband as grantees, no estate by the entireties is thereby created, even if they are so named with the consent of the tenant. The grantees must be both jointly named and jointly entitled." *Smith v. Smith,* 249 N.C. 669, 677, 107 S.E. 2d 530, 536,

and cases cited. In such case, there is no unity of time and title because the cotenant already has his title by inheritance from the ancestor or by the deed of conveyance to the tenants in common, whereas the spouse must claim title under the partitioned deed. 132 A.L.R. 630; 173 A.L.R. 1216; *Duckett v. Lyda,* 223 N.C. 356, 26 S.E. 2d 918; *Wood v. Wilder,* 222 N.C. 622, 24 S.E. 2d 474; *Garris v. Tripp,* 192 N.C. 211, 134 S.E. 461.

. We are of the opinion that the deed from Mary L. Sullivan and husband to J. E. Combs and wife Dora W. Combs, recorded in Book 200, page 407, Wayne County Registry, was a partition deed and lacked the mandatory unities of time and title required to create an estate by the entirety. This is true because Dora Combs owned a one-half undivided interest in the 165-acre tract by virtue of the deed from Atlantic Joint Stock Land Bank of Raleigh dated 1 May 1933, to her and Mary L. Sullivan. The exchange of deeds by these cotenants merely assigned to each what was already hers and fixed the boundaries of each share to be held thereafter in severalty. The deed from the Sullivans to J. E. Combs and wife Dora was incapable of passing a new title or creating a new estate in the 90.5-acre portion of the common land. It merely divested Mary L. Sullivan from her undivided interest in said portion. "And the fact that deeds exchanged between tenants in common in effecting partition may be regular form deeds of bargain and sale, with the usual covenants of title, seizen [*sic*], and warranty, ordinarily does not affect the operation of the rule that a partition deed creates no new, different, or additional title." *Elledge v. Welch,* 238 N.C. 61, 67, 76 S.E. 2d 340, 344, and cases cited.

This view is strengthened by the fact that a wife cannot convey her real property to her husband, either directly or indirectly, without complying with the privy examination provisions of G.S. 52-6 which requires the certifying officer who examines the wife to incorporate in his certificate a finding that the transaction is not unreasonable or injurious to her. *Brinson v. Kirby,* 251 N.C. 73, 110 S.E. 2d 482; *Pilkington v. West,* 246 N.C. 575, 99 S.E. 2d 798; *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 165; *McCullen v. Durham,* 229 N.C. 418, 50 S.E. 2d 511; *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624. Absent a certificate by the examining officer containing a finding to that effect, such purported conveyance is void. *Davis v. Vaughn, supra; Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598; *Davis v. Bass, supra* [188 N.C. 200, 124 S.E. 566]; *Wallin v. Rice,* 170 N.C. 417, 87 S.E. 239.

Neither of the deeds involved in this exchange contain such a finding by the examining officer. Hence, Dora Combs could not have,

directly or indirectly, conveyed her interest in any portion of the 163-acre tract to her husband by the deeds under consideration. An estate by the entirety cannot be created by a void deed. *Ingram v. Easley, supra; Deese v. Deese,* 176 N.C. 527, 97 S.E. 475; *Speas v. Woodhouse,* 162 N.C. 66, 77 S.E. 1000; *Sprinkle v. Spainhour,* 149 N.C. 223, 62 S.E. 910. But the deeds suffice in every respect to effectuate the partition obviously intended by the parties because, in such case, no conveyance from wife to husband is involved and G.S. 52-6 is not applicable.

Finally, oblique support for the view we have taken is found in the will of J. E. Combs. "It is my understanding," he said, "that the real estate now in my possession will descend to my son, J. Rodney Combs, after my death, the title to which was held by my former wife, Dora S. Combs." He therefore made no testamentary disposition of the 90.5-acre tract. This is some evidence that the parties never intended to create a new estate by the exchange of deeds but did intend to effectuate a partition by deed of the 163-acre tract.

In *Sprinkle v. Spainhour, supra,* the husband paid some of the owelty money for his wife to equalize the partition, and the court held "this would not create a resulting trust in his favor to that extent, because the law presumes he intended it as a benefit or gift to his wife, nothing else appearing." So it is with the 40 acres belonging to J. E. Combs. It was included in the deed to the Sullivans apparently as boot or in the nature of owelty to equalize the partition between his wife and Mary L. Sullivan. The law presumes it a gift to his wife. His will strengthens that presumption. Nothing else appears to the contrary.

For the reasons stated, we hold that petitioner owns no interest in the 90.5-acre tract of land described in her petition, and the proceeding was properly dismissed.

The judgment of the Court below is

Affirmed.