SALLIE S. BROWN v. MARVIN E. BROWN

No. 818SC1295

(Filed 7 December 1982)

**Partition § 12— partition by exchange of deeds—conveyance to husband and wife —no estate by the entirety**

> Where a husband owned land as a tenant in common, the tenants exchanged deeds for the purpose of partitioning the land, and a division deed conveying property to the husband and his wife did not specify that the grantees were to hold the property as tenants by the entirety, the division deed did not create a new estate in the grantees and the wife did not receive any interest in the property under the deed, since G.S. 39-13.5 requires that, in order to create a tenancy by the entirety by division deed, the tenant in common must clearly state such intention in the granting clause, and that statute creates an exception to the rule of G.S. 39-13.3(b) that a deed to a husband and wife vests an estate in them as tenants by the entirety unless a contrary intent is shown.

APPEAL by respondent from *Tillery, Judge.* Order entered 17 August 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 16 September 1982.

This action was commenced as a special proceeding to partition a tract of land which the petitioner alleged she and the respondent owned as tenants in common. The respondent filed an answer in which he denied the petitioner had any title to the property. The matter was transferred to Superior Court.

The facts as shown by both parties' affidavits are not in dispute. The petitioner and respondent were formerly married. The respondent and his brother inherited land from their mother which they owned as tenants in common. In December 1969 the respondent, his brother, and their two wives executed deeds

which severed the interests of the respondent and his brother as tenants in common. The respondent, his brother, and their wives, including the petitioner, executed the deed to the property involved in this case as grantors. The respondent and petitioner were grantees. The deed was in form a warranty deed, and it did not specify that the grantees were to hold the property as tenants by the entirety. The petitioner and respondent were divorced after the deed was recorded.

Both parties filed motions for summary judgment. The court granted summary judgment for the petitioner. Respondent appealed.

*Barnes, Braswell and Haithcock, by Henson P. Barnes and Tom Barwick, for petitioner appellee.*

*Braswell and Taylor, by Roland C. Braswell, for respondent appellant.*

WEBB, Judge.

We hold that on the undisputed facts of this case the court should have granted the respondent's motion for summary judgment. Cross-deeds of division among tenants in common in most circumstances assign to the tenants in severalty what they formerly held in common. Unless a deed specifically provides otherwise, it does not create a new estate in the grantee. If a spouse of a tenant in common is named as a grantee in the deed, he or she does not receive any interest in the property under the deed unless the granting clause specifies otherwise. *See Harris v. Ashley,* 38 N.C. App. 494, 248 S.E. 2d 393 (1978) and *Scott v. Moser,* 31 N.C. App. 268, 229 S.E. 2d 222 (1976), *cert. denied,* 291 N.C. 712, 232 S.E. 2d 204 (1977).

The petitioner argues that under the following sections of the General Statutes, the deed in this case created a tenancy by the entirety in the petitioner and the respondent. G.S. 39-13.3(b) provides:

(b) A conveyance of real property, or any interest therein, by a husband or a wife to such husband and wife vests the same in the husband and wife as tenants by the entirety unless a contrary intention is expressed in the conveyance.

Brown v. Brown

G.S. 39-13.5 provides in part:

> When either a husband or a wife owns an undivided interest in real property as a tenant in common with some person or persons other than his or her spouse and there occurs an actual partition of the property, a tenancy by the entirety may be created in the husband or wife who owned the undivided interest and his or her spouse in the manner hereinafter provided:
>
> > (1) In a division by cross-deed or deeds, between or among the tenants in common provided that the intent of the tenant in common to create a tenancy by the entirety with his or her spouse in this exchange of deeds must be clearly stated in the granting clause of the deed or deeds to such tenant and his or her spouse, and further provided that the deed or deeds to such tenant in common and his or her spouse is signed by such tenant in common and is acknowledged before a certifying officer in accordance with G.S. 52-10.

The petitioner argues that reading these sections together, a tenancy by the entirety was created by the deed since G.S. 39-13.5 allows the creation of tenancies by the entirety by division deeds and G.S. 39-13.3(b) provides that a deed to a husband and wife creates a tenancy by the entirety unless a contrary intention is shown. We do not so read these two sections. G.S. 39-13.5 requires that in order to create a tenancy by the entirety by division deed, the tenant in common must clearly state his intention in the granting clause. This was not done in this case and we do not believe the intention can be supplied by G.S. 39-13.3(b). We believe G.S. 39-13.5 creates an exception to the rule of G.S. 39-13.3(b) that unless a contrary intent is shown, a deed to a husband and wife vests an estate in them as tenants by the entirety. Under G.S. 39-13.5, it is necessary to say so in the granting clause in order to create a tenancy by the entirety by a division deed. *Woolard v. Smith*, 244 N.C. 489, 94 S.E. 2d 466 (1956), which is relied on by the petitioner, does not involve a division deed. It is not precedent for this case.

We hold the motion for summary judgment by the respondent should have been granted and the proceeding dismissed.

Reversed and remanded.

Judges VAUGHN and WELLS concur.